**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 09-20046-CM-9 |
| **TYRONE RAMSEY,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant's Motion for Reconsideration of Memorandum and Order (Doc. 882). Defendant asks this court to reconsider its decision denying him a free copy of the transcript from his sentencing hearing.

Pursuant to 28 U.S.C. § 753(f), an indigent criminal defendant is entitled to a free copy of a hearing transcript so long as a court certifies that the "suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." Defendants must show a particularized need for copies of the transcript. *United States v. Bennett*, No. 06-20056-10-KHV, 2009 WL 3644920, at *1 (D. Kan. Oct. 30, 2009) (citing *United States v. Sistrunk*, 992 F.2d 258, 260 (10th Cir.1993)). And defendants are not constitutionally entitled to free transcripts "in order to search for error." *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992).

In its order (Doc. 881), this court found defendant had not shown a particularized need for the transcript or that his suit was not frivolous. In his motion for reconsideration, defendant claims that he needs a copy of his sentencing hearing transcript to prove his court appointed attorney provided ineffective assistance of counsel. Defendant argues his attorney failed to argue and/or preserve issues concerning defendant's culpability for the death of another person who allegedly purchased drugs from

another person charged in the indictment.  Defendant is currently serving a 188-month sentence in the Bureau of Prisons after pleading guilty to one count of Conspiracy to Distribute and Possess With Intent to Distribute Heroin.  Defendant was involved in a drug conspiracy in which individuals died after purchasing drugs from defendant's drug trafficking organization.  Defendant claims he did not distribute any of the drugs consumed by the deceased individuals and had a limited role in the conspiracy.

Defendant now asks the court for a free copy of the transcript from the sentencing hearing so that he may pursue collateral appeal options, particularly in light of the United States Supreme Court's decision in *Burrage v. United States*, 134 S. Ct. 881 (2014).  In *Burrage*, the Court held that where "use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death . . . . a defendant cannot be held liable under the penalty enhancement provisions of the [Controlled Substance Act] unless such use is a but-for cause of the death . . . ."  134 S. Ct. at 891.  But this court has already decided that *Burrage* did not announce a new rule of constitutional law and that, even if it had, it is not retroactively applicable.  *See United States v. Ramsey*, 09-20046-04, 2015 WL 5472492 at * 8 (D. Kan. Sept. 16, 2015).

Further, the time for defendant to file a collateral appeal has long passed.  Post-conviction motions for habeas relief filed under § 2255 "must be brought within one year of the date on which 'the judgment of conviction becomes final' or 'the right asserted [by petitioner] was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'"  *United States v. Greer*, 881 F.3d 1241, 1244 (10th Cir. 2018).  Defendant was sentenced on August 14, 2012.  He did not file a direct appeal or a timely motion under 28 U.S.C. § 2255.  And even if the Supreme Court had recognized a new right in *Burrage*, defendant would have had one year after that right was recognized.  *Burrage* was decided on January 27, 2014,

more than four years ago.  Because any collateral appeal brought under § 2255 would be untimely, the court finds that defendant is not entitled to a free copy of the transcript from his sentencing hearing.

A certificate of appealability is not warranted in this case because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

**IT IS THEREFORE ORDERED** that defendant's Motion for Reconsideration of Memorandum and Order (Doc. 882) is denied.

Dated April 3, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**