## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

     **v.**                                                    **Case No. 09-20046-09**

**TYRONE RAMSEY,**

     **Defendant.**

## MEMORANDUM AND ORDER

This matter comes before the Court on pro se Defendant Tyrone Ramsey's Motion to Amend Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 996) and his Motion for Reconsideration (Doc. 998).  The Court previously denied Defendant's motion for release finding that Defendant did not demonstrate extraordinary or compelling circumstances warranting his early release from prison.[1]  Specifically, the Court found that Defendant did not identify any underlying health conditions that made him more susceptible to severe complications should he contract COVID-19, and generalized concerns were an insufficient reason for release.

Defendant is again before the Court stating that he would like to amend his compassionate release motion to include anemia as a medical condition.  In addition, he seeks the Court's reconsideration of its earlier denial of his motion for release based on the inclusion of this medical condition.  For the reasons explained below, the Court denies Defendant's motions.

---

[1] Doc. 995.

## I.      Background

On February 6, 2012, Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute heroin before Judge Carlos Murguia.[2]  On August 14, 2012, Defendant was sentenced to a 188-month term of imprisonment followed by a four-year term of supervised release.[3]   Defendant is currently incarcerated at FCI Forrest City Low prison.  The Bureau of Prisons ("BOP") reports 638 inmates at that facility have tested positive for COVID-19, and 1592 have been tested.  There are four active inmate cases and eleven staff cases.  One test remains pending.[4]  Defendant is 44 years old, and his projected release date from the BOP is June 1, 2024.

In July, Defendant filed a pro se motion requesting compassionate release because his well-being was in danger of contracting COVID-19 in prison.  The Court denied his motion, finding that he did not present an extraordinary or compelling reason warranting release because he only identified generalized concerns.  Defendant seeks to amend his motion and also seeks reconsideration of the Court's Order based on an underlying medical condition of anemia that he contends places him at risk for severe complications from COVID-19.[5]

## II.     Legal Standards

D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders.  Under that rule, a party may seek reconsideration on the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or

---

[2] Doc. 725.

[3] Doc. 760.

[4] Federal Bureau of Prisons, *COVID-19 Coronavirus:COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited October 22, 2020).

[5] The Federal Public Defender ("FPD") previously declined to represent Defendant.

prevent manifest injustice.[6]  While a motion to reconsider is available where the court has

"misapprehended the facts, a party's position, or the controlling law," such a motion does not

permit a party to "revisit issues already addressed or to advance arguments that could have been

raised in prior briefing."[7]  "The Tenth Circuit has observed that 'a motion for reconsideration is

an extreme remedy to be granted in rare circumstances.'"[8]  "A party's failure to present its

strongest case in the first instance does not entitle it to a second chance in the form of a motion to

reconsider."[9]  Whether to grant a motion for reconsideration is left to the court's discretion.[10]

### III.  Discussion

Defendant seeks to amend his motion for compassionate release and seeks the Court's

reconsideration of its order denying his motion for release.  He states that he has an underlying

medical condition of anemia, which he did not set forth in his previous motion for release, that

makes him more susceptible to complications from COVID-19 should he contract it in prison.

Defendant's motion to amend his motion for compassionate release was filed after the Court

already filed its Order denying his request.[11]  Thus, it is an untimely request to amend his

---

[6] D. Kan. R. 7.3(b).

[7] *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (addressing motion under Fed. R. Civ. P. 59(b)).

[8] *A.H. ex rel. Hohe v. Knowledge Learning Corp.*, No. 09-2517-DJW, 2011 WL 1466490, at *4 (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995)).

[9] *Id.* (citing *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998); *see also Turner v. Nat'l Council of State Bds. of Nursing*, No. 11-2059-KHV, 2013 WL 139750, at *2 (D. Kan. Jan. 10, 2013) (citing *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005), *aff'd*, 191 F. App'x 822 (10th Cir. 2006)).

[10] *Coffeyville*, 748 F. Supp. 2d at 1264 (citing *In re Motor Fuel Temp. Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

[11] Defendant states that he requested to amend his motion on August 25, 2020 prior to the Court's Order entered on September 2, 2020.  The Court, however, did not receive Defendant's request until September 8, 2020, and it was filed on that date.  To the extent that Defendant contends he mailed it on August 25, 2020, the postmark on his envelope indicates that it left his facility on September 4, 2020 – after the Court issued its Order.

motion, and the Court denies his request.  Even if was a timely request, this assertion provides him no relief as described below.

In addition, Defendant's motion for reconsideration does not assert facts that were unknown to him prior to filing his motion for release.  Instead, Defendant states that he has anemia, a condition that has been present since birth.[12]  Thus, it is not an appropriate motion for reconsideration.  In any event, Defendant's medical condition of anemia does not change the Court's previous analysis.  Although the Court is sympathetic to Defendant's concerns and recognizes that Defendant's risk of contracting COVID-19 may be slightly higher due to this underlying health condition, he does not show a relatively high risk of complications.[13] Furthermore, there is no widespread outbreak at the facility in which Defendant is housed.  Thus, the Court denies Defendant's motion for reconsideration.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Amend Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 996) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Reconsideration (Doc. 998) is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 26, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[12] Defendant claims that he does not access to his medical records.

[13] This condition is not one listed by the Centers for Disease Control and Prevention ("CDC") as one that is at increased risk for severe illness.