**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff-Respondent,**<br><br>**v.**<br><br>**TYRONE RAMSEY,**<br><br>**Defendant-Petitioner.** | **Case No. 09-20046-09** |

## ORDER DISMISSING TYRONE RAMSEY'S MOTION TO VACATE UNDER 28 U.S.C. § 2255

On January 28, 2021, this Court ordered Petitioner Tyrone Ramsey to show cause in writing on or before March 11, 2021, why his *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 936) should not be dismissed for lack of a sufficient factual basis or evidence on which to proceed with his claim.[1] Ramsey timely responded and asks the Court to grant him the relief he seeks.[2] Also before the Court are Ramsey's Motion for Discovery (Doc. 973) and Motion for Order to Lift Stay (Doc. 997). For the reasons explained below, the Court summarily dismisses Ramsey's § 2255 motion without an evidentiary hearing and denies his other motions as moot.

## I. Background

On February 6, 2012, Ramsey pleaded guilty to conspiracy to distribute and possess with intent to distribute heroin.[3] On August 14, 2012, Ramsey was sentenced to a 188-month term of imprisonment followed by a four-year term of supervised release.[4]

[1] Doc. 1009.

[2] Doc. 1015.

[3] Doc. 725.

[4] Doc. 760.

On August 13, 2019, this Court issued its ruling in *United States v. Carter* ("*Black* Order") that precipitates the § 2255 motion before the Court.[5] The *Black* Order discussed the elements required to prove a per se violation of the Sixth Amendment under the Tenth Circuit decision in *Shillinger v. Haworth*,[6] which held that a per se Sixth Amendment violation occurs when: (1) there is a protected attorney-client communication; (2) the government purposefully intruded into the attorney-client relationship; (3) the government becomes "privy to" the attorney-client communication because of its intrusion; and (4) the intrusion was not justified by any legitimate law enforcement interest.[7] Once those elements are established, prejudice is presumed.[8]

Petitioner seeks habeas relief based on events that came to light in the *Black* case and investigation as detailed in the *Black* Order, including audio and video recordings of conversations and meetings between attorneys and their clients who were detained at CCA. As detailed in the Court's order to show cause, on January 22, 2019, Ramsey filed a *pro se* § 2255 motion, speculating that the government violated the Sixth Amendment when it allegedly accessed video recordings of his meeting(s) and audio recordings of his calls with counsel while he was detained at CCA. The government admits that it obtained videos from CCA in connection with the *Black* case, which focused on drug and contraband trafficking inside CCA.

---

[5] No. 16-20032-JAR, Doc. 758 (D. Kan. Aug. 13. 2019). As discussed in that Order, the Sixth Amendment claims stem from recordings of conversations and meetings with counsel while they were detained at Corrections Corporation of America ("CCA"). That facility has since been renamed CoreCivic. For convenience, the Court refers to it as CCA in this Order.

[6] 70 F.3d 1132 (10th Cir. 1995).

[7] *Black* Order at 162 (citing *Shillinger*, 70 F.3d at 1142).

[8] *Id.*

On April 12, 2016, the government served a subpoena on CCA seeking "[a]ll video footage or still images currently retained by [CCA] depicting any internal or external surveillance video or still image taken between July 2014 and April 12, 2016 at the CCA facility in Leavenworth, Kansas."[9] On May 17, 2016, CCA provided six DVR hard drives to the government containing surveillance footage from inside and outside of the facility, including in rooms used for inmate-attorney meetings,[10] and on August 16, 2016, this Court ordered the video recordings in the government's custody to be impounded.[11]

On July 17, 2018, Standing Order 18-3 appointed the Federal Public Defender ("FPD") to represent any defendant from the District of Kansas who may have a post-conviction Sixth Amendment claim based on the recording of in-person attorney-client meetings or attorney-client phone calls by any holding facility housing federal detainees within this District.

The video recordings from CCA, impounded by the Court since August 2016, were turned over to the FPD after the *Black* Order was entered on August 13, 2019. Per the parties' agreement, as part of the *Black* investigation, the government also began surrendering recordings and derivative evidence of audio calls from CCA that were in its possession.[12] The FPD, along with defense counsel, proceeded to exhaustively review hundreds of hours of audio and video recordings, ultimately filing over 100 habeas motions alleging Sixth Amendment violations with respect to the government's alleged intentional-intrusion into these detainees' attorney-client conversations and meetings. The FPD did not enter an appearance on behalf of Ramsey or supplement his *pro se* motion.

[9] *Id.* at 66.

[10] *Id.* at 66–67.

[11] *Id.* at 10, 66.

[12] *Black*, No. 16-20032-JAR, Doc. 705 (D. Kan. Dec. 12, 2018).

## II. Discussion

Section 2255 entitles a federal prisoner to relief if the court determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or [is] otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[13] The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[14] A § 2255 petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[15] An evidentiary hearing is not necessary where the factual allegations are contradicted by the record, are inherently incredible, or when they are conclusion rather than statements of fact.[16]

Ramsey states in his response that he was detained at CCA from February 2011 until October 2012, and that while he was there, he met with his attorney in the visitation rooms several times to discuss strategy and possible plea agreements. Thus, Ramsey was detained at CCA nearly two years prior to the relevant time-frame for the video recordings subpoenaed in *Black*. Ramsey also states that he made phone calls to counsel while he was detained at CCA. The Court has reviewed the status reports submitted by the government cataloguing the recordings of attorney-client phone calls from CCA per the list of inmates compiled by the FPD,

---

[13] 28 U.S.C. § 2255(b).

[14] *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting 28 U.S.C. § 2255(b)).

[15] *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009).

[16] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995) ("[T]he allegations must be specific and particularized, not general or conclusory."); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that are merely conclusory in nature and without supporting factual averments).

and Ramsey is not listed as having any such recordings.[17] There is simply no evidence in the record beyond Ramsey's speculation to support his allegations that the government intentionally intruded upon his attorney-client communications by becoming privy to recordings of his conversations and meetings with counsel. Accordingly, the Court summarily dismisses his § 2255 motion as lacking any factual basis that would warrant relief from his conviction or sentence.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[18] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[19] For the reasons stated above, the Court finds that Ramsey has not satisfied this standard and, therefore, denies a certificate of appealability as to its ruling on the merits of his § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Tyrone Ramsey's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 936) is **dismissed** without an evidentiary hearing; Ramsey's Motion for Discovery (Doc. 973) and Motion for Order to Lift Stay (Doc. 997) are **denied as moot**. Petitioner is also denied a certificate of appealability.

---

[17] *See Black*, No. 16-20032-JAR, Docs. 764, 787, 799, 806, 846, 848.

[18] 28 U.S.C. § 2253(c)(2).

[19] *Saiz v. Ortiz,* 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke,* 542 U.S. 274, 282 (2004)).

**IT IS SO ORDERED.**

Dated: March 23, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE