IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 09-20046-JAR-09 |
| TYRONE RAMSEY, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Tyrone Ramsey's Motion for Reconsideration (Doc. 1001) of the order denying his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).[1] For the reasons explained below, Defendant's motion is denied.

**I.   Background**

On February 6, 2012, Ramsey pleaded guilty to conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(i), and § 846.[2] The Presentence Investigation Report ("PSR") calculated Ramsey's base offense level to be 38 because the offense of conviction established that death or other serious bodily injury resulted from the use of the controlled substance pursuant to United States Sentencing Guideline ("U.S.S.G." or ""Guidelines") § 2D1.1(a)(2).[3] Ramsey received a two-level enhancement because he possessed a firearm in connection with conduct for which he was responsible, and a three-level reduction for acceptance of responsibility, resulting in an adjusted offense level of

---

[1] Doc. 808.

[2] Doc. 725.

[3] Doc. 754 ¶ 72.

37.[4]  With a criminal history category III, Ramsey's resulting Guidelines range was 262 to 327 months.[5]  Had the government not agreed to withdraw the Information filed pursuant to 18 U.S.C. § 851, Ramsey would have faced a mandatory sentence of life imprisonment.[6]  On August 14, 2012, the court adopted the PSR, granted the government's motion for a downward departure for substantial assistance, and sentenced Ramsey to a 188-month term of imprisonment followed by a four-year term of supervised release.[7]

On May 18, 2015, Ramsey filed a Motion to Reduce or Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2), citing Amendment 782 to the Guidelines.[8]  Amendment 782 became effective November 1, 2014, and lowered by two base offense levels the Drug Quantity Table in U.S.S.G. § 2D1.1(c) under which defendants would have been sentenced but for 21 U.S.C. § 841(b)(1)(A)'s mandatory minimum sentence.[9]  Judge Murguia denied Ramsey's motion because his base offense level of 38 was not determined upon the Drug Quantity Table.[10]  Thus, Amendment 782 did not have the effect of lowering Ramsey's Guidelines range, and he was ineligible for any further sentence reduction.[11]

---

[4] *Id.* ¶¶ 73–82.

[5] *Id.* ¶ 117.

[6] *Id.*

[7] Docs. 755, 762, 763.

[8] Doc. 802.

[9] *See* U.S.S.G. Manual, supp. app. C, amend. 782 at 63 (Nov. 1, 2014).

[10] Doc. 808.

[11] *Id.*

On February 21, 2020, Ramsey's criminal case was reassigned to the undersigned.[12] On November 9, 2020, Ramsey filed a motion to reconsider Judge Murguia's order denying his request for sentence reduction that is now before this Court.[13]

## II.     Legal Standard

D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders, which must be filed "within 14 days after the order is filed unless the court extends the time." A party may seek reconsideration on the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[14] While a motion to reconsider is available where the court has "misapprehended the facts, a party's position, or the controlling law," such a motion does not permit a party to "revisit issues already addressed or to advance arguments that could have been raised in prior briefing."[15] "The Tenth Circuit has observed that 'a motion for reconsideration is an extreme remedy to be granted in rare circumstances.'"[16] "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."[17] Whether to grant a motion for reconsideration is left to the court's discretion.[18]

---

[12] Doc. 989.

[13] Doc. 1001.

[14] D. Kan. R. 7.3(b).

[15] *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (addressing motion under Fed. R. Civ. P. 59(b))).

[16] *A.H. ex rel. Hohe v. Knowledge Learning Corp.*, No. 09-2517-DJW, 2011 WL 1466490, at *4 (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995)).

[17] *Id*. (citing *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998)); *see also Turner v. Nat'l Council of State Bds. of Nursing*, No. 11-2059-KHV, 2013 WL 139750, at *2 (D. Kan. Jan. 10, 2013) (citing *Cline v. S. Star Cent. Gas Pipeline, Inc*., 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005), *aff'd*, 191 F. App'x 822 (10th Cir. 2006)).

[18] *Coffeyville*, 748 F. Supp. 2d at 1264 (citing *In re Motor Fuel Temp. Sales Pracs. Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

### III. Discussion

Judge Murguia denied Ramsey's motion for sentence reduction on May 27, 2015. Defendant's motion for reconsideration was filed November 9, 2020, over five years after the court denied his motion to reduce sentence. Thus, Ramsey's motion is untimely and is denied on this basis.

Even if the Court considers the motion timely, reconsideration is not warranted in this case. "'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."[19] Ramsey seeks relief under § 3582(c)(2), which provides an exception to the general rule of finality "'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*)' and made retroactive pursuant to § 994(u)."[20] If the defendant's argued basis does not fall within this limited exception under § 3582(c), the court is without jurisdiction to consider the defendant's request.[21]

The Tenth Circuit has explained that under § 3582(c)(2)'s "based on" clause, the defendant must show that he was sentenced based on a Guideline range the Sentencing Commission lowered subsequent to defendant's sentencing.[22] Here, Ramsey cannot overcome this hurdle to relief. As Judge Murguia held, the pertinent Guideline range for Ramsey's offense conduct was established by U.S.S.G. § 2D1.1(a)(2), based upon the fact that his offense resulted in death, not on § 2D1.1(c), which concerns drug type and quantity. The changes in Amendment

---

[19] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)).

[20] *Id*; *United States v. Hodge*, 721 F.3d 1279, 1280 (10th Cir. 2013).

[21] *United States v. Smartt,* 129 F.3d 539, 541 (10th Cir. 1997).

[22] *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017).

782 only affected those sentences in which the Guidelines range was established by the Drug Quantity Table as set forth in § 2D1.1(c).  Because Amendment 782 had no effect on § 2D1.1(a)(2), it can provide no basis for a sentence reduction under § 3582(c).[23]  Thus, Judge Murguia correctly determined that Ramsey is ineligible for further reduction of his sentence under Amendment 782.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Tyrone Ramsey's Motion to Reconsider (Doc. 1001) is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 9, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[23] *See United States v. Davila*, 651 F. App'x 112, 114 (3d Cir. 2016) (holding that Amendment 782 did not apply where defendant's base offense level was determined by § 2D1.1(a)(2)); *United States v. Hopkins*, No. 08-CR-006-J, 2016 WL 1371444, at *1 (D. Wyo. Apr. 12, 2016) (holding that defendant convicted of distribution of fentanyl resulting in death was not eligible for sentence reduction under Amendment 782).